This is a motion to dismiss the bill of complaint on the ground that it fails to set forth a cause of action.
The complainant is a national fraternal organization, and the defendants are two local branches and their respective secretaries. The bill sets out the constitution of the order, which, among other things, provides that in case of dissolution, expulsion, suspension or forfeiture of the charter of the branch, it shall be the duty of the secretary and officers of such branch to deliver the books, moneys, and other property of the branch to the national organization. The bill alleges that in 1929 each of the branches held a meeting of a few members and by a majority of those present decided to withdraw from the parent organization. The constitution provides that the national executive committee of the parent organization shall have the power to dissolve a branch and that within a certain time an appeal may be taken to the national board of directors. The bill continues by alleging that the two local branches were expelled and the members *Page 518 
thereof made members at large; that notice of dissolution was sent to the expelled branches, and that no appeal has been taken. The bill alleges that demand had been made on the defendants' secretaries of the local branches to turn over the books, charter and property in their possession but that they have not done so.
The bill prays that the branches and its officers be enjoined from exercising any franchises of the parent organization, be restrained from disposing of any of the property, money or documents, and that the defendants be required to account for any money, assets or property which had been in their possession.
Defendants contend that the alleged expulsion or dissolution of the local branch was invalid, and that the money and other assets in the hands of the local branches cannot be required to be turned over to complainant. This contention is based on the theory that the relief prayed for would work an illegal and oppressive forfeiture of the rights of the local branch. In support of this contention defendants have cited the case ofGrand Court, Foresters of America, c., v. Court Cavour, c.,82 N.J. Eq. 89, and State Council, c., v. Enterprise CouncilNo. 6, 75 N.J. Eq. 245. These cases seem to be distinguishable from the present one in that in both of them the turning over of the funds in the hands of the local organizations would deprive members of the local organization of their right to benefits conferred by the order. In the present case no such result would ensue, since under the constitution of complainant and the terms of the proceedings by which the defendant organizations were expelled, the members of the local remained members at large of the parent organization and remained entitled to all the benefits thereof from the complainant which assumes the burden.
Under the constitution the branch collects payments from the individual members and is under duty to transmit them to the parent organization. This alone would seem to entitle complainant to an accounting.
It is true that the bill does not set out very aptly the grounds on which the executive committee expelled the two *Page 519 
local branches, but I think it is a fair inference from the allegations of the bill that the two locals attempted to secede and in fact went through a form of a withdrawal from the order. Under the constitution the executive committee has the power to expel or dissolve a branch. It may be that the local branches were expelled without sufficient cause, but that is a matter which can be determined at the trial.
I consider that the bill makes out a sufficient ground for equitable relief by its allegations, and the motion to dismiss the bill will therefore be denied.